IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM M. LEONHAUSER            :            CIVIL ACTION
a/k/a WILLIAM M. NICASTRO[1]

                                 :

    v.                                        **FILED**

                                 :

JOHN A. PALAKOVICH, et al.        NO.  08-1175        FEB ‾ 4 2009

                                              MICHAEL E. KUNE  Clerk
                                              By_____Dep. Clerk

### REPORT AND RECOMMENDATION

THOMAS J. RUETER                     February 4, 2009
Chief United States Magistrate Judge

        Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254, by a prisoner incarcerated in State Correctional Institution

Smithfield in Huntingdon, Pennsylvania.  For the reasons that follow, it is recommended that the

petition be denied.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

        On December 13, 2002, following a bench trial in the Court of Common Pleas for

Philadelphia County, the Honorable Anthony J. DeFino found petitioner guilty of kidnapping,

unlawful restraint and false imprisonment.  (CP-51-CR-1002581).[2]  The trial court sentenced

_____

        [1]        Petitioner admitted at trial that his name actually is William Nicastro.  (N.T.,
10/10/02, at 6.)  However, for the purposes of this habeas proceeding, petitioner calls himself by
one of his aliases, William Leonhauser.  See Pet. at 11.)

        [2]        As explained by the state court, "some confusion over what charges [petitioner]
was convicted of has ensued because the trial court spoke of the merger of the lesser charges into
kidnapping and did not specifically state in open court that he found [petitioner guilty] of
unlawful restraint or false imprisonment.  However, the quarter sessions file contains entries
made contemporaneously indicating a guilty verdict on both those charges as well as the
kidnapping charge."  Commonwealth v. Leonhauser, No. 3407 EDA 2006, slip op. at 3 (Pa.
Super. Ct. Jan. 24, 2008).  And see Commonwealth v. Leonhauser, No. Cp-51-CR-100258, slip
op. at 1 (C.P.  Phila. Dec. 3, 2003) (trial court judge stated that he entered guilty verdicts on the

petitioner to twenty-five to fifty years imprisonment pursuant to 42 Pa. Cons. Stat. Ann. §

9714(a)(2). Commonwealth v. Leonhauser, No. 1126 EDA 2003, slip op. at 1 (Pa. Super. Ct.

Aug. 3, 2004).

   The facts developed at trial reveal that in an incident that began on May 24, 2000

in Philadelphia, petitioner allowed the victim to sit in the cab of his truck and take drugs.

Commonwealth v. Leonhauser, No. CP-51-CR-100258, slip op. at 1 (C.P. Phila. Dec. 3, 2003).

Petitioner told the victim he wanted to her to travel with him to Texas, and he would pay her to

be his sex slave. When the victim refused and attempted to leave the cab, petitioner stripped,

handcuffed and beat her. Commonwealth v. Leonhauser, No. 3407 EDA 2006, slip op. 2 (Pa.

Super. Ct. Jan. 24, 2008). Petitioner eventually drove with the victim to Baltimore, Maryland

where she escaped. At some point along the way, the victim claimed that petitioner sexually

assaulted and raped her. Id. Petitioner was arrested and returned to Philadelphia where he was

tried.

   Petitioner filed a direct appeal raising the following claims: (1) his sentence under

42 Pa. Cons. Stat. Ann. § 9714(a)(2) violates the ex post facto clauses of the United States and

Pennsylvania Constitutions; (2) the trial court erred when it, and trial counsel was ineffective

when he, failed to order or to request an up-to-date mental health/competency examination prior

to trial; and (3) the trial court erred by accepting petitioner's waiver of a jury trial.

Commonwealth v. Leonhauser, 1126 EDA 2003, slip op. at 1-6 (Pa. Super. Ct. Aug. 3, 2004).

The appellate court affirmed petitioner's judgment of sentence. Id. at 6. The Supreme Court of

---

charges of kidnapping, unlawful restraint, and false imprisonment).

Pennsylvania declined review on December 9, 2004. <u>Commonwealth v. Leonhauser</u>, 863 A.2d 1144 (Pa. 2004) (Table).

On March 8, 2005, petitioner filed a <u>pro se</u> petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. The court appointed counsel who filed amended and supplemental amended petitions. <u>See</u> Resp. Exs. K (Amended PCRA Pet.) and J (Supplemental Amended PCRA Pet.). On November 9, 2006, the PCRA court denied the PCRA petition.[3] Petitioner appealed <u>pro se</u> the denial of his PCRA petition and the PCRA court issued an opinion dated May 23, 2007.[4] Petitioner raised the following claims on appeal: (1) trial and appellate counsel were ineffective for (a) failing to raise a claim regarding sufficiency of the evidence for the kidnapping, unlawful restraint and false imprisonment convictions, and (b) failing to challenge the sentence of "no further penalty" on the unlawful restraint and false imprisonment convictions where the trial court rendered a not guilty verdict on those charges; (2) PCRA counsel was ineffective for failing to raise prior counsels' ineffectiveness described above; and (3) the PCRA court erred in dismissing the petition without a hearing. <u>Commonwealth v. Leonhauser</u>, CP-51-CR-1002581, slip op. at 2-3 (C.P. Phila. May

---

[3]    Petitioner filed a petition for a writ of habeas corpus in this district in October 2006, seeking to have exhaustion excused due to inordinate delay. <u>Nicastro v. Palakovich</u>, No. 06-CV-4487. The undersigned issued a Report and Recommendation dated December 6, 2006, recommending that the habeas petition be dismissed without prejudice because the state case was proceeding. On January 4, 2007, after petitioner asked permission to withdraw his federal habeas petition, the matter was marked "Withdrawn Without Prejudice" upon order of the Honorable R. Barclay Surrick.

[4]    In addition to the two claims raised in his Amended PCRA Petition, petitioner also argued that the PCRA court erred when it dismissed his petition without a hearing. This claim also was denied. <u>Commonwealth v. Leonhauser</u>, CP-51-CR-1002581, slip op. at 6 (C.P. Phila. May 23, 2007).

23, 2007).  The Superior Court of Pennsylvania affirmed the denial of petitioner's PCRA

petition.  <u>Commonwealth v. Leonhauser</u>, No. 3407 EDA 2006 (Pa. Super. Ct. Jan. 24, 2008).

Petitioner filed the instant habeas petition (Doc. No. 1), along with a supporting

Memorandum of Law ("Pet.'s Mem. of Law") and exhibits, raising the following claims:

1.  The trial court violated the federal and state constitution's provisions of "ex post facto clauses" of the Fifth and Fourteenth Amendment and Article I, § 9 Pa. Constitution.

2.  The trial court violated defendant's constitutional rights to a fair trial when defendant's "competency was in question" as defense counsel placed counsel's <u>concerns</u> that defendant <u>could</u> <u>not</u> communicate with counsel, assist counsel in preparing his own defense or to testify at trial.

3.  The trial court lacked jurisdiction to sustain a guilty verdict on kidnapping offense, as trial court's verdict established that "it all began as <u>consensual</u> but later 'at some point' it became kidnapping," trial court <u>could</u> <u>not</u> state where alleged crime occurred, variance was allowed by trial court to enlarge the scope of the criminal complaint to allow a conviction on <u>other</u> <u>acts</u> <u>not</u> <u>charged</u>.

4.  The trial court committed reversible error by accepting defendant's waiver of a jury trial, due to his competency to stand trial was "questionable," and the waiver of the jury trial was not knowingly and intelligently made.

5.  The trial court violated defendant's constitutional rights to due process and the right to a "fair and public trial by denying defendant the right to be present at all critical stages of trial (verdict)" when trial court "<u>in</u> <u>chambers</u>" made finding of guilty to two offenses (outside presence of defendant and counsel, and off the record), and "<u>failed</u>" to announce the two finding [sic] of guilty to defendant or counsel.

(Petition at 8-9 (emphasis in original)).

Respondents filed a response to the petition on July 7, 2008 arguing that

petitioner's claims should be denied as meritless and/or because they are procedurally defaulted.

(Doc. No. 6.)  Thereafter, petitioner filed a Traverse on August 13, 2008 (Doc. No. 18),

respondents filed a sur-reply on September 22, 2008 (Doc. No. 15), and petitioner filed

"Objections and Answers to Respondent's Sur-Reply Motion" on October 2, 2008 (Doc. No.

16).[5] The court has considered all of these pleadings.

---

[5]     Petitioner also filed a motion for stay and abeyance ("Motion for Stay") on August 22, 2008 (Doc. No. 12). Respondents filed a letter memorandum (Doc. No. 17) and a response (Doc. No. 21) in opposition to the Motion for Stay. The issue of whether to stay a federal habeas petition while a petitioner exhausts a claim in the state courts is generally presented when a petitioner files a mixed petition, i.e., a petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005) (district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected habeas petition). See also Grundy v. Pennsylvania, 248 Fed. Appx. 448 (3d Cir. 2007) (not precedential) (same); Crews v. Horn, 360 F.3d 146 (3d Cir. 2004) (same). The instant federal habeas petition contains both exhausted and unexhausted claims, but the unexhausted claims are procedurally defaulted. Hence, stay of the instant petition to allow petitioner to present his unexhausted claims in the state courts would be futile since the time for presenting those claims has now passed and petitioner does not contend that an exception to the PCRA statute of limitations applies to allow the claims to be raised in state court at this time. Petitioner's Motion for Stay should be denied.

In the alternative, petitioner urges that the stay should be granted because he has a PCRA petition pending in the state court and failure to stay the instant habeas petition would foreclose his ability to obtain federal review of the claim raised in the pending PCRA petition. On August 7, 2008, petitioner filed a second PCRA petition in the state court raising a claim of new evidence relating to certain investigative reports by state authorities in Baltimore and Philadelphia and federal authorities and to various pieces of evidence allegedly collected by the Baltimore authorities. See Motion for Stay. Petitioner asserts that this evidence was withheld from him by the prosecutor. Id. This new claim is not raised in the federal habeas petition now before the court. The docket from the Court of Common Pleas for Philadelphia County dated January 26, 2009 reveals that as of December 29, 2008, the parties were awaiting a PCRA decision. The docket also reflects that a hearing has been scheduled for April 15, 2009. See CP-51-CR-1002581-2000. It is possible that petitioner's second PCRA petition may satisfy one or more of the exceptions to the PCRA time bar contained in 42 Pa. Cons. Stat. Ann. § 9545(b)(1). As such, the second petition may indeed be timely under the state statute.

Additionally, as the Assistant District Attorney admits, the federal habeas statute of limitations permits newly discovered evidence to be presented in a successive or second petition. (Respondents' Letter dated Oct. 22, 2008.) For purposes of the federal habeas statute of limitations, the timeliness of a federal petition is made on a claim-by-claim basis, rather than on the application as a whole. See Fielder v. Varner, 379 F.3d 113, 117-20 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005). Thus, it does not appear that petitioner would be barred from

## II.   **DISCUSSION**

### A.   **Habeas Corpus Standards**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a State court shall not be granted with respect to any claim that was adjudicated in State court proceedings unless that adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority. Id. at 406-08. See also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir.) (en banc) (to prove entitlement to relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more

---

filing a second federal habeas corpus petition relating to his newly discovered claim after the conclusion of the PCRA proceeding and any appeals therefrom. Thus, a stay is not warranted.

plausible than the state court's; . . . petitioner must demonstrate that Supreme Court precedent requires the contrary outcome") (emphasis in original), cert. denied, 528 U.S. 824 (1999).

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. Id. See Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (federal habeas court should not grant the petition unless "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent") (quotation omitted), cert. denied, 532 U.S. 980 (2001). See also Albrecht v. Horn, 485 F.3d 103, 116 (3d Cir. 2007) (same).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state courts, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

A federal habeas court may not consider a petitioner's claims of state law violations, but must limit its review to issues of federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (not the province of the federal court to re-examine a state court's determinations of state law); Pulley v. Harris, 465 U.S. 37, 41 (1989) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Engle v. Isaac, 456 U.S. 107, 120

7

n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."); Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997) ("[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.    Exhaustion and Procedural Default**

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999); Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).[6] "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). See also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (same). Petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state

---

[6]    On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. The Third Circuit has recognized the validity of this Order. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

courts. Both the legal theory and the facts supporting a federal claim must have been submitted

to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), cert.

denied, 493 U.S. 1036 (1990).

However, when the petitioner cannot obtain state court review of his claims

because of noncompliance with state procedural rules, the doctrine of procedural default

generally bars federal habeas corpus review. Coleman v. Thompson, 501 U.S. 722, 729-32

(1991); Sistrunk v. Vaughn, 96 F.3d 666, 674-75 (3d Cir. 1996).  The Supreme Court stated:

> [I]f the petitioner failed to exhaust state remedies and the court to which
> the petitioner would be required to present his claims in order to meet the
> exhaustion requirement would now find the claims procedurally barred . . .
> there is a procedural default for purposes of federal habeas regardless of
> the decision of the last state court to which the petitioner actually presents
> his claims.

Coleman, 501 U.S. at 735 n. 1.  Upon a finding of procedural default, review of a federal habeas

petition is barred unless the habeas petitioner can show "(1) the procedural rule was not

independent and adequate; (2) cause for his failure to comply with state procedural rules and

prejudice resulting therefore; or (3) that a fundamental miscarriage of justice will occur if not

considered." Peterkin v. Horn, 176 F. Supp.2d 342, 353 (E.D. Pa. 2001).  See also Doctor v.

Walters, 96 F.3d 675, 683 (3d Cir. 1996) (same).

"A state [procedural] rule provides an independent and adequate basis for

precluding federal habeas review of a state prisoner's habeas claims only if:  (1) the state

procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the

petitioner's claims; and (3) the state courts' refusal in this instance is consistent with other

decisions." Doctor, 96 F.3d at 683-84. "A state [procedural] rule is adequate only if it is 'consistently and regularly' applied." Id. at 684.

Petitioner can demonstrate cause for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules. Caswell, 953 F.2d at 862. The cause must be "something that cannot fairly be attributed to the petitioner." Coleman, 501 U.S. at 753. To show prejudice, petitioner must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [petitioner's] actual and substantial disadvantage." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Additionally, the fundamental miscarriage of justice exception to procedural default is concerned only with "actual" innocence and petitioner must show that in light of new evidence it is more likely than not that no reasonable juror would have convicted him absent the claimed error. Schlup v. Delo, 513 U.S. 298, 327 (1995).

**C.** **Standard for Ineffective Assistance of Counsel Claims**

Petitioner alleges several claims of ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance. Under the Strickland test, a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. Id. at 688-96.

10

To satisfy the first prong of the Strickland test, a petitioner is required to show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In evaluating counsel's performance, a reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

To satisfy the second prong of the Strickland test, a petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. It follows that counsel cannot be ineffective for failing to pursue meritless claims or objections. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999); United States v. Fulford, 825 F.2d 3, 9 (3d Cir. 1987). Furthermore, counsel is not ineffective for failing to raise all possible claims of trial court error on appeal. Counsel may exercise his or her professional judgment as to which claims to pursue. See Jones v. Barnes, 463 U.S. 745, 750-54 (1983) (decision of what issues to raise on appeal is charged to counsel; counsel need not assert every non-frivolous issue to guard against subsequent claim of ineffectiveness). Thus, it is not inappropriate for counsel, after consultation with his client, to

11

override the client's wishes when exercising professional judgment regarding which issues to pursue on appeal. Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).

Where, as in the instant case, the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(d)(1). As the Supreme Court stated:

> If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.

Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam) (citations omitted).

### D.    **Petitioner's Claims**

#### 1.    **Claim No. 1 – Ex Post Facto Clause**

In his first habeas claim, petitioner contends that the trial court violated the ex post facto clauses of the United States and Pennsylvania Constitutions when the trial judge sentenced petitioner under a version of 42 Pa. Cons. Stat. Ann. § 9714 that had been revised between the time of petitioner's crime and his sentencing. The court begins by noting that allegations of violation of the Pennsylvania Constitution are not cognizable in this federal habeas petition. As noted above, a federal habeas court may not consider a petitioner's claim of state law violations, but must limit its review to issues of federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (not the province of the federal court to re-examine a state court's determinations of state law); Pulley v. Harris, 465 U.S. 37, 41 (1989) ("A federal court may not issue the writ on the basis of a perceived error of state law."). See also 28 U.S.C. § 2254(a)

12

("[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.).

This court, therefore, will focus its consideration on petitioner's claim that the trial court's application of 42 Pa. Cons. Stat. Ann. § 9714 violated the Ex Post Facto clause of the United States Constitution.[7]  The Ex Post Facto clause forbids enactment of any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then proscribed." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (quoting Weaver v. Graham, 450 U.S. 24, 28 (1981)).  A law, whatever its form, violates the Ex Post Facto clause if it: (1) "punishes as a crime an act previously committed, which was innocent when done;" (2) "makes more burdensome the punishment for a crime, after its commission;" or (3) "deprives one charged with crime of any defense available according to law at the time when the act was committed." Collins v. Youngblood, 497 U.S. 37, 42, 46 (1990).

Petitioner asserts that the trial court erred when it applied the version of 42 Pa. Cons. Stat. Ann. § 9714(a)(2) that was in effect at the time of the sentencing as opposed to the version in effect at the time petitioner committed the offense.  Under the latter version, petitioner contends that his sentence would not have been enhanced. (Pet.'s Mem. of Law at 6-9.)  The trial court rejected this issue on direct appeal finding that the "statute as amended was effective

_____

[7]     Article I, § 10 of the Constitution, commonly referred to as the Ex Post Facto clause, prohibits the states from passing any "ex post facto law." See generally Collins v. Youngblood, 497 U.S. 37, 41-42 (1990); Coady v. Vaughn, 251 F.3d 480, 487-88 (3d Cir. 2001).

on the date of the sentencing and is not dependent upon the date of the commission of the

offense." Commonwealth v. Leonhauser, No. 0258, slip op. at 2 (C.P. Phila. Dec. 3, 2003).

      The Superior Court of Pennsylvania examined this issue in great detail. As

explained by the appellate court, the statute in effect at the time petitioner committed the offenses

stated as follows:

> (a)     Mandatory sentence —
>
> (1)    Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence and has not rebutted the presumption of high risk dangerous offender as provided in subsection (c), be sentenced to a minimum sentence of at least ten years total confinement, notwithstanding any other provision of this title or other statute to the contrary. If at the time of the commission of the current offense the person has previously been convicted of a crime of violence and has rebutted the presumption of high risk dangerous offender as provided in subsection (c), the person shall be sentenced to a minimum sentence of at least five years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . .
>
> (2)    Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction of a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa. Cons. Stat. Ann. § 9714(a). See Commonwealth v. Leonhauser, No. 1126 EDA 2003, slip

op. at 2-3 (Pa. Super. Ct. Aug. 3, 2004). The Superior Court of Pennsylvania also quoted the

language of 42 Pa. Cons. Stat. Ann. § 9714(b), which detailed when an offender shall be

presumed to be a "high risk dangerous offender" for the purposes of subsection (a). Id. at 3.

After considering the language of the statute, the appellate court addressed petitioner's claim as

follows:

> Although Appellant was sentenced under subsection (a)(2), he claims the
> limitations set forth in subsection (b), regarding the high risk dangerous offender
> presumption, apply to preclude the court from considering any prior conviction
> more than seven years old. In Commonwealth v. Butler, 760 A.2d 384 (Pa. 2000),
> our Supreme Court determined that § 9714(a)(1) was unconstitutional because it
> placed on the defendant the burden of rebutting the presumption that he is a high
> risk offender. Between the time Appellant committed his offense and the time he
> was sentenced, the legislature amended § 9714(a)(1) to remove the presumption
> that the Court found unconstitutional. Appellant therefore argues that the use of
> the amended statute violated ex post facto principles.
>
> In Commonwealth v. Belak, 825 A.2d 1252 (Pa. 2003), however, the
> Court held that § 9714(a)(2) is independent of and separable from § 9714(a). In
> Belak, the defendant was convicted of burglary and other related offenses. Id. at
> 1253. Since he had previously been convicted of at least two other crimes of
> violence, he was sentenced to twenty-five to fifty years' imprisonment pursuant to
> 42 Pa. Cons. Stat. Ann. § 9714(a)(2). Id. The Court held that, since (a)(2) does
> not require a determination that a defendant is a high risk dangerous offender and
> thus, the unconstitutional presumption is not implicated, Belak was properly
> sentenced to twenty-five to fifty years' imprisonment under § 9714(a)(2).
>
> Similarly, in the present case Appellant was sentenced under § 9714(a)(2),
> and not under the section that our Supreme Court found unconstitutional in Butler
> and which was later amended by legislature. Since Appellant was not sentenced
> under the amended subsection, there is no ex post facto violation.

Commonwealth v. Leonhauser, No. 1126 EDA 2003, slip op. at 3-5 (Pa. Super. Ct. Aug. 3,

2004).

The state courts' determinations with respect to this issue are not contrary to, or an

unreasonable application of, clearly established Federal law, and they did not result in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceedings. As noted by the Superior Court of Pennsylvania in the language

quoted above, the Supreme Court of Pennsylvania held that "section 9714(a)(2) is clearly

15

independent of and separable from the invalid section 9714(a)(1)." <u>Commonwealth v. Balek</u>, 825 A.2d 1252, 1257 (Pa. 2003). The subsections of the statute about which petitioner complains, subsections 9714(b) and (c), apply only to the section found unconstitutional by the Supreme Court of Pennsylvania in <u>Butler</u>, section 9714(a)(1), not the section under which petitioner was sentenced, section 9714(a)(2). (Pet.'s Mem. of Law at 6.) The "seven year" limitation which petitioner urges should have prevented his sentence from being enhanced was contained in section 9714(b) and applied only to subsection 9714(a)(1). <u>Id.</u> at 6-7.

As in <u>Belak</u>, the petitioner here was sentenced under section 9714(a)(2), and not the section found unconstitutional in <u>Butler</u>, section 9714(a)(1). As noted by the Supreme Court of Pennsylvania, "section 9714(a)(2) is not unconstitutional simply because we declared section 9714(a)(1) unconstitutional in <u>Butler</u>." <u>Balek</u>, 825 A.2d at 1257. Petitioner's sentence under 42 Pa. Cons. Stat. Ann. § 9714(a)(2) did not violate the United States Constitution. Petitioner's first claim should be denied.

### 2.   Claim No. 2 – Petitioner's Competency

In his second claim, petitioner argues that he was denied a fair trial "when petitioner's competency was questionable and the trial court refused to allow a second mental health evaluation after trial counsel placed his concerns on the record that petitioner could not communicate with counsel, or assist counsel in preparing his own defense or to testify at trial." (Pet.'s Mem. of Law at 9.) Petitioner urges that he was denied due process when the trial court refused to order a second mental health evaluation at the October 10, 2002 trial, after an initial evaluation dated November 1, 2001, found petitioner competent. <u>Id.</u> at 9-13.

A mental health evaluation dated November 1, 2001, found petitioner to be competent to stand trial. (Resp. Ex. A.)  By letter dated January 7, 2002, petitioner's trial counsel informed the trial judge that petitioner had suffered a stroke and suggested that another competency hearing was necessary. (Resp. Ex. B.)  Approximately ten months later, on the first day of petitioner's trial, trial counsel again raised the issue of petitioner's competency. (N.T., 10/10/02, at 5.)  The trial judge then engaged petitioner in a lengthy and detailed colloquy. (N.T., 10/10/02, at 6-19.)  At no time at the commencement of or during the trial, did defense counsel request that a second mental health evaluation be performed.

On direct appeal, petitioner argued that the trial court erred when it did not order an "independent mental health examination of the defendant prior to trial, and/or trial counsel was ineffective for failing to conduct, or for failing to request a continuance in order to conduct an independent mental health examination of the defendant prior to trial, in order to determine his competency to stand trial." (Pet.'s Mem. of Law Ex. "APX-C" (Statement of Matters Complained of on Appeal).)  The trial court rejected this argument stating as follows:

> In his next argument the defendant claims that the Court erred in not ordering an "independent" mental health evaluation, and the trial counsel was ineffective for failing to request such an evaluation.  The Court did order a mental health evaluation which was independent.  The Court's Doctors do not work for the District Attorney's office so there is no reason to believe their analysis is anything other than unbiased.  Said evaluation while pointing out some of defendant's ailments concluded that he was competent to stand trial.  Thus this Court did not err nor was trial counsel ineffective for allowing him to proceed to trial without the benefit of an additional mental evaluation.

Commonwealth v. Leonhauser, No. CP-51-CR-100258, slip op. at 2 (C.P. Phila. Dec. 3, 2003). The Superior Court of Pennsylvania on direct appeal, rejected a different issue raised by

petitioner ("up-to-date mental health examination" versus "independent" mental health evaluation) and stated as follows:

> Appellant next argues that the trial court erred by failing to order an up-to-date mental health examination prior to trial. Although the court had previously ordered a competency exam and had an evaluation at the time of trial, Appellant claims that a more recent examination would have revealed that he was incompetent to stand trial. Claims not raised in the trial court, however, may not be raised for the first time on appeal. Commonwealth v. Gordon, 528 A.2d 631, 638 (Pa. Super. 1987), appeal denied, 538 A.2d 875 (Pa. 1988); Pa.R.A.P. 302(a). Appellant did not request a competency exam at the trial level, nor did he file a post-sentencing motion raising such a claim. Therefore, this claim is not preserved for appellate review.
>
> Appellant also argues that trial counsel was ineffective because he should have either obtained, or requested a continuance to allow him to obtain, a mental health examination of Appellant prior to trial. In Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), our Supreme Court held that a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review. The only exception to this general rule occurs when the trial court has held a hearing on the ineffectiveness claims and the record is fully developed. Commonwealth v. Bomar, 826 A.2d 831 (Pa. 2003). Since Appellant did not present his ineffectiveness claim to the trial court, the record is not developed on this issue. It must therefore await collateral review.

Commonwealth v. Leonhauser, No. 1126 EDA 2003, slip op. at 5-6 (Pa. Super. Ct. Aug. 3, 2004). Petitioner did not raise the issue on collateral review.

Petitioner failed to exhaust his instant habeas claim that the trial court erred when it refused to allow a second mental health evaluation. Since the time to raise such a claim in a state court proceeding has now passed, the claim is procedurally defaulted in this court. As explained above, upon a finding of procedural default, review of a federal habeas petition is barred unless the habeas petitioner can show "(1) the procedural rule was not independent and adequate; (2) cause for his failure to comply with state procedural rules and prejudice resulting therefore; or (3) that a fundamental miscarriage of justice will occur if not considered." Peterkin

18

v. Horn, 176 F. Supp.2d 342, 353 (E.D. Pa. 2001). Petitioner has not asserted "cause" for failure to comply with the state procedural rules or that prejudice will result; nor has he claimed that a fundamental miscarriage of justice will occur if this claim is not considered. Petitioner has not alleged that the state procedural rule pursuant to which the state court found the claim initially waived, Pa. R. App. P. 302(a), was not an adequate or independent rule barring review by the Superior Court of Pennsylvania. Case law has held that Pa. R. App. P. 302(a) is an adequate and independent state rule. See Martinez v. Wynder, 2007 WL 1725189, at *8 (E.D. Pa. June 12, 2007); O'Halloran v. Ryan, 704 F. Supp. 70, 74 (E.D. Pa.), aff'd, 887 F.2d 262 (3d Cir. 1989), cert. denied, 494 U.S. 1035 (1990). Similarly, the PCRA's one-year statute of limitations which prevents petitioner from filing a PCRA petition at this point in time, 42 Pa. Cons. Stat. Ann. § 9545(b)(1), also is an adequate and independent ground for precluding federal habeas review. See Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002) ("It is now clear that this one-year limitation is a jurisdictional rule that precludes consideration of the merits of any untimely PCRA petition, and it is strictly enforced in all cases, including death penalty cases."); Holloway v. Horn, 161 F. Supp. 2d 452, 475 (E.D. Pa. 2001). Petitioner's second claim should be denied as procedurally defaulted.[8]

---

[8]     In his Traverse, petitioner asserts that some of his unexhausted claims were raised in the state courts in two pleadings: (1) a petition for a writ of habeas corpus filed in the Court of Common Pleas for Philadelphia County in 2004; and (2) a petition for extraordinary relief and/or original habeas petition filed in the Pennsylvania Supreme Court in 2006. (Traverse at 21.) A review of the state court docket dated January 26, 2009 reveals that a petition for a writ of habeas corpus was filed in the Court of Common Pleas in November 18, 2004. The docket, however, does not reveal that the state court acted on that filing. The court was unable to locate a second habeas petition supposedly filed in the Supreme Court of Pennsylvania in 2006 on the state court docket. It is possible that petitioner confuses the habeas petition he thinks he filed in the Supreme Court of Pennsylvania in 2006, with the habeas petition he filed in this district in October, 2006. See infra n. 3. Under Pennsylvania law, habeas relief is not available "if a

This court will deny petitioner's second claim on the merits despite petitioner's failure to exhaust state court remedies.  See 28 U.S.C. § 2254(b)(2).  Review of the record reveals that the trial court did not refuse to permit a second competency examination – counsel never requested one.  In the competency report dated November 1, 2001, petitioner was found competent to stand trial.  (Resp. Ex. A.)  The reviewing psychiatrist determined that "[petitioner] is aware of the charges against him, has a working knowledge of the legal process and is able to . . . cooperate with counsel.  He is knowledgeable about the law and the possible pleas and defenses open to him."  (Resp. Ex. A at 2.)  The psychiatrist concluded as follows: "The Defendant is capable of taking part in legal proceedings, although he does have impaired memory of the episode according to his account.  This would be consistent with his history of cardiac arrest with deceased blood supply to the brain."  Id. (Ex. A at 3).  By letter dated January 7, 2002, petitioner's trial counsel informed the trial judge that petitioner had suffered a stroke and suggested that another competency hearing was necessary because "it appears at this time Mr. Leonhauser may not be able to participate in his defense in a meaningful manner."  (Resp. Ex. B.)  Counsel suggested that another competency hearing is necessary; counsel did not request another competency examination.  Id.

---

remedy may be had by post-conviction hearing proceedings authorized by law," and "may be invoked only when remedies in the ordinary course have been exhausted or are not available; the writ is not a substitute for appellate review."  Doctor v. Walters, 96 F.3d 675, 680 (3d Cir. 1996) (citations omitted) (emphasis in original).  See also Pitchess v. Davis, 421 U.S. 482 (1975) (exhaustion requirement is not satisfied where denial of extraordinary writ cannot be fairly read as an adjudication on the merits of the claim and appellate review is available).  At the time petitioner filed the petition for a writ of habeas corpus in the Court of Common Pleas in November 18, 2004, petitioner had state court remedies remaining available to him.  Petitioner filed his first PCRA petition on March 8, 2005, and an amended PCRA petition on November 11, 2006.  The habeas petitions allegedly filed by petitioner in the state court do not serve to satisfy the requirements of the exhaustion doctrine.

Approximately ten months later, on the first day of petitioner's trial, trial counsel again raised the issue of petitioner's competency and explained as follows: "[I]'ve asked [petitioner] to assist me in the defense as to what happened in this case because the defense in this case is that it is consensual acts in this case. And he is unable to." (Resp. Ex. E (N.T., 10/10/02, at 5).) Trial counsel further stated to the trial judge, "Whatever you want to do, I'll do. If you want to speak to him, speak to him." Id. While admitting that he had known about the competency issue "for a while," trial counsel explained that "competency is something that you can really only raise on the day of, because some days are different situations. So, if he came this morning and said to me let's go, I understand the case, I wouldn't even have raised that." (N.T., 10/10/02, at 5-6.)

The trial judge then engaged petitioner in a lengthy and detailed colloquy concerning petitioner's competency to stand trial. During the colloquy, petitioner was able to identify the most serious charges pending against him as kidnapping, rape and indecent assault. (N.T., 10/10/02, at 9.) Petitioner acknowledged that the charges against him were serious. (N.T., 10/10/02, at 16.) Petitioner stated that he was aware that he had a constitutional right to a jury trial and that fourteen people were on a jury. (N.T., 10/10/02, at 10-11.) While the trial judge was explaining the difference between a jury trial and a bench trial, petitioner interjected the following: "I understand the process of the jury thing." (N.T., 10/10/02, at 13.) Petitioner stated that he understood he could waive his right to a jury trial. (N.T., 10/10/02, at 11.) Petitioner further stated that he had discussed the issue of a bench trial with his trial counsel and wished to proceed with a bench trial. (N.T., 10/10/02, at 12.) Petitioner maintained that he was satisfied with the representation of his attorney and in the presence of the trial judge, signed the waiver of

21

jury trial form. (N.T., 10/10/02, at 19-20.) The court then proceeded to the first Commonwealth witness. (N.T., 10/10/02, at 20.)

The Supreme Court set forth the basic standard for competency in <u>Dusky v. United States</u>, 362 U.S. 402 (1960):  To be competent to stand trial, a defendant must have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and must possess "a rational as well as factual understanding of the proceedings against him." <u>Taylor v. Horn</u>, 504 F.3d 416, 430 (3d Cir. 2007) (quoting <u>Dusky</u>, 362 U.S. at 402), <u>cert. denied</u>, 129 S. Ct. 92 (2008). "[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." <u>Drope v. Missouri</u>, 420 U.S. 162, 172 (1975) (citing <u>Pate v. Robinson</u>, 383 U.S. 375 (1966)). "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required." <u>Id.</u> at 180.  The Third Circuit Court of Appeals recently determined that:

> A trial court's failure to inquire into competency, <u>sua</u> <u>sponte</u>, where there is reason to doubt a defendant's competency, violates due process because it deprives the defendant of his right to a fair trial. . . . But barring indicia of incompetence, due process does not require that a competency hearing be held.

<u>Taylor</u>, 504 F.3d at 433. A "state trial court's determination of an individual's competency is entitled to a presumption of correctness." <u>Nara v. Frank</u>, 488 F.3d 187, 200 (3d Cir. 2007) (citing cases), <u>cert. denied</u>, 128 S. Ct. 1896 (2008). <u>See also</u> <u>Taylor</u>, 504 F.3d at 433 ("[T]he state courts' implicit and explicit factual findings that [defendant] was competent are presumed

correct, unless [defendant] can rebut 'the presumption of correctness by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)).

The trial court's colloquy with petitioner revealed that he understood the charges against him and the nature of the trial. Petitioner displayed no irrational behavior, his demeanor was appropriate and revealed an understanding of the charges against him as well as the court proceeding, and a prior competency examination determined that petitioner was competent to stand trial despite having an impaired memory of the events surrounding the underlying criminal activity. Petitioner was able to consult with his counsel with a reasonable degree of rational understanding and stated he was satisfied with his counsel's representation. Trial counsel expressed concern that petitioner would be unable to assist in the defense against the charges, on the ground that the acts were consensual, because of an impaired memory of the events. However, despite an  impaired memory, petitioner was found competent to stand trial. See Resp. Ex. A (in November 1, 2001 mental health evaluation, petitioner found competent to proceed despite an "impaired memory of the episode according to his account"). Moreover, trial counsel, despite not placing petitioner on the stand, convinced the trial judge that the incident began on a consensual basis and that the victim was involved in drugs and prostitution and not totally credible. Based on these and other facts, the court found petitioner not guilty of rape, involuntary deviate sexual intercourse and related charges. (N.T., 12/13/02, at 30-32.) Defense counsel, therefore, was able to successfully assert the defense of consent to the great benefit of petitioner. See id. Petitioner has failed to rebut the presumption of correctness surrounding the trial court's finding that petitioner was competent to stand trial. The trial court's determination that petitioner was competent to stand trial was not contrary to, or an unreasonable application of, clearly

23

established federal law, nor was it an unreasonable determination of the facts in light of the evidence presented. Petitioner's second claim should be denied on its merits.

### 3. Claim No. 3 – Trial Court Lacked Jurisdiction to Convict Petitioner of Kidnapping and Trial Court Allowed Impermissible Variance

In his third habeas claim, petitioner urges (1) that the trial court lacked jurisdiction to convict him of kidnapping after the verdict established that no criminal offenses occurred in Pennsylvania; and (2) that the trial court allowed an impermissible variance between the initial criminal complaint and the proof at trial. (Pet.'s Mem. of Law at 14-17.)

Petitioner failed to raise these claims in the state courts. In his PCRA petition, petitioner asserted that trial and appellate counsel were ineffective for failing to raise a claim regarding the sufficiency of the evidence for his kidnapping, unlawful restraint and false imprisonment convictions and for failing to challenge the sentence of "no further penalty" on the latter two convictions. Commonwealth v. Leonhauser, CP-51-CR-1002581, slip op. at 2 (C.P. Phila. May 23, 2007). The PCRA court rejected these claims explaining that the "evidence introduced established all the necessary elements of kidnapping, unlawful restraint and false imprisonment beyond a reasonable doubt" and, accordingly, counsel cannot be deemed ineffective for failing to raise meritless claims. Id. at 4.[9]

---

[9]      The PCRA court also found trial and appellate counsel were not ineffective for not challenging the verdict and sentence on petitioner's unlawful restraint and false imprisonment convictions. Commonwealth v. Leonhauser, CP-51-CR-1002581, slip op. at 5 (C.P. Phila. May 23, 2007). The PCRA court explained that it "intended to indicate that unlawful restraint and false imprisonment merge with kidnapping for purposes of sentencing." Id. (emphasis in original). The PCRA court further stated as follows: "[S]aid comments were inconsequential in light of the overwhelming evidence against the petitioner for the charge of kidnapping and the resulting mandatory sentence for said charge. Furthermore, the petitioner suffered no harm from the 'guilty without further penalty' verdict for unlawful restraint and false imprisonment." Id. For these reasons, the PCRA court concluded that counsel were not

On appeal from the denial of his PCRA petition, petitioner raised yet different claims regarding his conviction for kidnapping. Petitioner asserted that the trial court erroneously convicted him of kidnapping without finding him guilty of required lesser charges. Commonwealth v. Leonhauser, No. 3407 EDA 2006, slip op. at 3 (Pa. Super. Ct. Jan. 24, 2008). While acknowledging that "there is some confusion over the verdict on unlawful restraint and false imprisonment," the appeals court found that its "review of the official record . . . leads us to agree with the trial court's conclusion that verbal confusion in the verdict is inconsequential in light of the overwhelming evidence of guilt on the kidnapping, unlawful restraint and false imprisonment charges." Id. at 3, 5. The court determined there was sufficient evidence to convict petitioner of kidnapping under Pennsylvania law. Id. at 7.[10]

Petitioner's instant two part habeas claim is yet another variation of petitioner's theme that his kidnapping conviction was improper. In the first part of this claim, petitioner argues that the evidence at trial established that no criminal offenses occurred within the jurisdiction of the trial court. This claim was not raised in the state courts and is now procedurally defaulted. Petitioner asserts no cause and prejudice to excuse this default nor does he contend that a miscarriage of justice will occur if the court does not consider his claims. This part of petitioner's third claim should be denied because it is procedurally defaulted.

_____

ineffective for failing to challenge the verdict and sentence on the unlawful restraint and false imprisonment convictions.

[10]     Consistent with the PCRA court's determination, see infra n.9, the Superior Court of Pennsylvania concluded that because petitioner was "incorrect in his assertion that the trial court declared him not guilty of the unlawful restraint and false imprisonment charges, his counsel cannot have been ineffective for failing to raise claims related to that assertion." Commonwealth v. Leonhauser, No. 3407 EDA 2006, slip op. at 5-6 (Pa. Super. Ct. Jan. 24, 2008).

However, the court will deny this claim on the merits even though it is unexhausted and procedurally defaulted. See 28 U.S.C. § 2254(b)(2). The facts developed at trial belie petitioner's claim. The trial judge and all counsel agreed that the events surrounding the crimes began in Philadelphia. (N.T., 10/10/02, at 21-22.) At some point in time, the victim decided to leave petitioner's truck and, at that time, the trial court found that petitioner decided "he's going to take her." (N.T., 12/13/02, at 31.) The court noted that petitioner transported the victim "quite a distance," from Philadelphia to Baltimore. Id. at 32. Consequently, the trial court found petitioner guilty of kidnapping. Id.

Petitioner urges that it is unclear whether the kidnapping began in Philadelphia so that the trial court would have jurisdiction to find petitioner guilty of that charge. The trial court was very clear and specific as to whether the alleged offenses occurred within its jurisdiction. With respect to the rape and involuntary deviate sexual intercourse charges, the trial court noted that it could not "with any degree of certitude say that" these offenses occurred within the jurisdiction of Philadelphia. (N.T., 12/13/02, at 31-32.) The court, however, found petitioner guilty of kidnapping and the evidence introduced at the trial supports that the kidnapping began in Philadelphia. Id. at 30-32. For all these reasons, petitioner's claim that the trial court lacked jurisdiction to convict petitioner of kidnapping, should be denied.

Next, petitioner alleges that the trial court allowed a variance to enlarge the scope of the criminal complaint to permit a conviction on acts not charged. (Pet.'s Mem. of Law at 14-17.) Petitioner asserts that the criminal complaint against him, see Resp. Ex. Q, alleges that he forcibly abducted the victim by luring her into his truck on Kensington Avenue. (Pet.'s Mem. of Law at 17.) Petitioner contends that since the evidence at trial revealed that the actions between

26

him and the victim began consensually, the prosecution failed to prove all of the acts specifically as charged and, therefore, his Fifth and Sixth Amendment rights were violated and he is entitled to habeas relief. Id. at 16-17. Petitioner raised a similar claim in his counseled Supplemental Amended PCRA Petition in which he alleged that the trial court found petitioner guilty based on acts not specified in the criminal complaint. (Resp. Ex. L (Supplemental Amended PCRA Pet.).) Petitioner did not pursue this claim on PCRA appeal. See Resp. Exs. N and O. Hence, this claim also is not exhausted and is now procedurally defaulted. Petitioner asserts no cause and prejudice to excuse the default nor does he contend that a miscarriage of justice will occur if his claim is not considered by this court. Petitioner's claim cannot now be considered by this court and it should be denied because it is procedurally defaulted.

### 4.    Claim No. 4 – Trial Court Improperly Accepted Jury Waiver

Petitioner asserts that the trial court committed error by accepting his waiver of jury trial. Petitioner asserts that his waiver was not knowingly and intelligently made as his "competency was questionable." (Pet.'s Mem. of Law at 18.) The trial court rejected this claim on direct appeal stating as follows:

> Regarding the defendant [sic] decision to waive his right to a trial this Court will reiterate its finding on defendant's second issue [regarding independent mental health examination] and further state that an extensive colloquy of the defendant was done by this Court and it was determined that the defendant knowingly, intelligently and voluntarily waived his right to a jury trial. Query, is appellate counsel suggesting that defendant was more competent to proceed to a trial by jury than by waiver? This argument is completely disingenuous in light of his claim that defendant was incompetent to stand trial. As above, because no error was committed trial counsel can not be said to have been ineffective either.

Commonwealth v. Leonhauser, No. CP-51-CR-100258, slip op. at 2-3 (C.P. Phila. Dec. 3, 2003).

27

The Superior Court of Pennsylvania rejected this claim pursuant to Pa. R. A. P. 302(a) as waived since petitioner did not raise it at the trial level nor did he file a post sentence motion. The court concluded that the claim was not preserved for appellate review. Commonwealth v. Leonhauser, No. 1126 EDA 2003, slip op. at 6 (Pa. Super. Ct. Aug. 3, 2004). Petitioner's claim that his waiver of a jury trial was unknowing and unintelligent was waived and therefore it is not exhausted. The claim also is procedurally defaulted since the time to file another state court proceeding has now passed. Petitioner asserts no cause and prejudice to excuse this default nor does he contend that a miscarriage of justice will occur if this court does not consider the claim. Moreover, the state court waiver rule, Pa. R. App. P. 302(a), has been held to be an independent or adequate state court rule. See Martinez v. Wynder, 2007 WL 1725189, at *8 (E.D. Pa. June 12, 2007); O'Halloran v. Ryan, 704 F. Supp. 70, 74 (E.D. Pa.), aff'd, 887 F.2d 262 (3d Cir. 1989), cert. denied, 494 U.S. 1035 (1990). Petitioner's fourth claim should be denied because it is procedurally defaulted.

### 5.    Claim No. 5 – Change of Verdicts

In his final claim, petitioner asserts that he was denied due process when the trial court changed its verdicts on two charges – unlawful restraint and false imprisonment – and then withheld the verdict changes to deny petitioner the opportunity to challenge them in post verdict motions and on appeal. (Pet.'s Mem. of Law at 20-34.) Petitioner did not raise this claim in the state courts.

In his PCRA petition, petitioner asserted that trial and appellate counsel were ineffective for failing to challenge (1) the sufficiency of the evidence on the convictions, and (2) the sentence of "no further penalty" on the unlawful restraint and false imprisonment

28

convictions. <u>Commonwealth v. Leonhauser</u>, CP-51-CR-1002581, slip op. at 3-5 (C.P. Phila.

May 23, 2007). The instant claim of denial of due process is not exhausted and is now

procedurally defaulted. Petitioner asserts no cause and prejudice to excuse the default nor does

he contend that a miscarriage of justice will occur if this court does not now consider the claim.

Petitioner's fifth claim should be denied because it is procedurally defaulted.

      The court will deny this claim on the merits even though it is not exhausted and

procedurally defaulted. <u>See</u> 28 U.S.C. § 2254(b)(2). The ineffective assistance of counsel claim

petitioner raised in his PCRA petition prompted the trial court, sitting as the PCRA court, to

clarify the confusion that occurred at trial and sentencing regarding the offenses for which

petitioner was convicted. The PCRA court explained as follows:

> Next, the petitioner claims that trial and appellate counsel erred by failing
> to object to a sentence of "no further penalty" when this Court allegedly rendered
> a verdict of "not guilty" on the counts of unlawful restraint and false
> imprisonment. <u>See</u> N.T. 12/13/2002, p. 34 and N.T. 3/11/2003, p. 3. Upon
> rendering this verdict, this Court stated that ". . . about the only thing I can find
> him guilty of is kidnapping." <u>See</u> N.T. 12/13/2002, p. 34. In doing so, this Court
> intended to indicate that unlawful restraint and false imprisonment <u>merge</u> with
> kidnapping for purposes of <u>sentencing</u>. Nevertheless, said comments were
> inconsequential in light of the overwhelming evidence against the petitioner for
> the charge of kidnapping and the resulting mandatory sentence for said charge.
> Furthermore, the petitioner suffered no harm from the "guilty without further
> penalty" verdict for unlawful restraint and false imprisonment. Accordingly, trial
> and appellate counsel were not ineffective for failing to object to the verdict of
> sentence.

<u>Id.</u> at 5 (emphasis in original). The trial judge's explanation is supported by his words at the trial

in which he stated, "Unlawful restraint, well, that merges with the kidnapping." (N.T., 12/13/02,

at 33.)

      The Superior Court of Pennsylvania addressed this issue in great detail:

Then, on the bills of information, contained in the official record, on the bills for unlawful restraint and false imprisonment is the notation dated, December 13, 2002, that the trial court found Leonhauser guilty of both crimes. All bills were signed by the trial court. The notation made subsequent to sentencing indicates that Leonhauser was given no further penalty on each false imprisonment and unlawful restraint.

We agree with Leonhauser that the trial court was not the model of clarity when announcing the verdict and as a result it might seem that he had been acquitted. However, the trial court never said that Leonhauser was not guilty of the disputed charges.

Although the trial court never verbalized that Leonhauser was guilty of those charges the trial court did state that the unlawful restraint charge merged with the kidnapping charge. The unmistakable import of that statement is that the trial court found Leonhauser guilty of unlawful restraint. It is readily apparent that charges cannot merge unless a defendant has been convicted of those charges.

No mention, however, is made of the false imprisonment charge. The only reference to that charge is found in the written record – a contemporaneous notation that Leonhauser was found guilty of the charge. . . .   The bills of information contain the notation that Leonhauser was guilty of the charges and those bills are properly signed by the trial court. Pursuant to [Commonwealth v.] Allen, [429 A.2d 1113 (Pa. Super. Ct. 1981)], we must agree with the trial court's statement in its Pa. R. A. P. 1925(a) opinion that it intended to indicate that unlawful restraint and false imprisonment merged with the kidnapping charges for purposes of sentencing.

. . .

Because Leonhauser is incorrect in his assertion that the trial court declared him not guilty of the unlawful restraint and false imprisonment charges, his counsel cannot have been ineffective for failing to raise the claims related to that assertion.

Commonwealth v. Leonhauser, No. 3407 EDA 2006, slip op. at 4-6 (Pa. Super. Ct. Jan. 24,

2008). See Resp. Ex. M (bills of information bearing trial judge's verdicts).

The factual basis of petitioner's claim, that he was adjudged not guilty and the

trial court later changed the verdicts, is factually incorrect. The Superior Court determined that

as a factual matter the trial court found petitioner guilty of unlawful restraint and false

30

imprisonment.  Petitioner has failed to rebut that presumption as required by 28 U.S.C. §

2254(e)(1).  Petitioner's fifth and final claim should be denied.

### III.    CONCLUSION

For all of the above reasons, the court makes the following:

### RECOMMENDATION

AND NOW, this 4th day of February, 2009, the court respectfully recommends

that: (1) petitioner's claims be **DENIED**; (2) petitioner's Motion for Stay (Doc. No. 12) be

**DENIED** for the reasons set forth herein; (3) petitioner's Motion for Discovery (Doc. No. 7) be

**DENIED**;[11] and (4) no certificate of appealability be issued.[12]

Petitioner may file objections to this Report and Recommendation.  See Loc. R.

Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

THOMAS J. RUETER
Chief United States Magistrate Judge

**FILED**

FEB - 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

---

[11]     Petitioner filed a Motion for Discovery seeking information from the crime scene
allegedly in the possession of the Baltimore City Police.  (Doc. No. 7.)  Respondents oppose the
Motion for Discovery.  (Doc. No. 9.)  A habeas petitioner is not entitled to discovery as a matter
of ordinary course, but upon a showing of good cause.  See Deputy v. Taylor, 19 F.3d 1485, 1493
(3d Cir. 1994); Rules Governing Section 2254 Cases in the United States District Court Rule
6(a).  The information petitioner seeks in his Motion for Discovery does not relate to a claim
raised in the instant habeas petition, but to his claim of newly discovered evidence recently filed
in the state court.  See Deputy, 19 F.3d at 1493.  Petitioner's Motion for Discovery should be
denied.

[12]     The COA should be denied because petitioner has not shown that reasonable
jurists could debate whether his petition should be resolved in a different manner or that the
issues presented are adequate to deserve encouragement to proceed further.  See Miller-El v.
Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM M. LEONHAUSER        :        CIVIL ACTION
a/k/a WILLIAM M. NICASTRO

                                 :

       v.

                                   :

JOHN A. PALAKOVICH, et al.                 NO. 08-1175

## ORDER

AND NOW, this       day of                 , 2009, upon

consideration of the pleadings and record herein, and after review of the Report and

Recommendation of Chief Magistrate Judge Thomas J. Rueter, it is hereby

## ORDERED

that:

      1.       The Report and Recommendation is **APPROVED** and **ADOPTED**;

      2.       Petitioner's claims are **DENIED**;

      3.       Petitioner's Motion for Stay (Doc. No. 12) is **DENIED**;

      4.       Petitioner's Motion for Discovery (Doc. No. 7) is **DENIED**; and

      5.       There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____

R. BARCLAY SURRICK,      J.