IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM M. LEONHAUSER<br>a/k/a WILLIAM M. NICASTRO<br><br>v.<br><br>JOHN A. PALAKOVICH ET AL. | :<br>:<br>:   CIVIL ACTION<br>:<br>:   NO. 08-1175<br>:<br>: |

**SURRICK, J.**                                                            NOVEMBER  18 , 2010

**O R D E R**

**AND NOW**, this  18th  day of November, 2010, after careful and independent de novo review of the Petition for Writ of Habeas Corpus filed by William M. Leonhauser, a/k/a William M. Nicastro, the Report and Recommendation of United States Chief Magistrate Judge Thomas J. Rueter, the Petitioner's Objection to Magistrate's Report and Recommendation, as well as all documents submitted in support of the Petition and in opposition thereto, it is

**ORDERED** as follows:[1]

---

[1] On December 13, 2002, Petitioner William M. Leonhauser was found guilty of kidnapping, unlawful restraint and false imprisonment in a non-jury trial in the Court of Common Pleas of Philadelphia County. Petitioner was sentenced to a term of imprisonment of not less than twenty-five years nor more than fifty years pursuant to 42 Pa. Coms. Stat. Ann. § 9714(a)(2) (sentences for second and subsequent offenses). Petitioner filed a direct appeal. On August 3, 2004, the Superior Court of Pennsylvania affirmed the judgment of sentence. The Supreme Court of Pennsylvania denied the appeal on December 9, 2004. On March 8, 2005, Petitioner filed a Petition under Pennsylvania's Post Conviction Relief Act. The Petition was denied on November 9, 2006. Petitioner appealed the denial to the Superior Court of Pennsylvania. On January 24, 2008, the Superior Court affirmed the denial of the PCRA petition. Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254 on March 10, 2008. Chief Magistrate Judge Thomas J. Rueter issued his Report and Recommendation (R & R) recommending that we dismiss the Petition in its entirety. Petitioner has filed Objections to Magistrate's Report and Recommendation. We have carefully reviewed the record and the R & R and independently conclude that the Petition is without merit and must be dismissed with prejudice.

1

The Petition raised five claims which were all addressed in the R & R. Petitioner objects to the Magistrate Judge's recommendation on only one of the claims, the claim dealing with the *ex post facto* clause of the Constitution. The *ex post facto* clause of the United States Constitution forbids enactment of any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001) (citations omitted).

Petitioner argues that the trial court violated the *ex post facto* clause by sentencing the Petitioner under a version of 42 Pa. Cons. Stat. Ann. § 9714 that had been revised between the time of Petitioner's commission of the offense and the time of his sentencing. He contends that his sentence would not have been enhanced if the trial court applied the version of the statute which was in effect at the time Petitioner committed the offense. According to Petitioner, the original version of the statute only permitted enhancement if the previous convictions occurred within seven years of the date of the commission of the instant offense. Petitioner argues that the trial judge erred in considering Petitioner's prior convictions which occurred outside of this seven-year window. The Superior Court addressed this very issue in some detail as follows:

> Although Appellant was sentenced under subsection (a)(2), he claims the limitations set forth in subsection (b), regarding the high risk dangerous offender presumption, apply to preclude the court from considering any prior conviction more than seven years old. In *Commonwealth v. Butler*, 760 A.2d 384 (Pa. 2000), our Supreme Court determined that § 9714(a)(1) was unconstitutional because it placed on the defendant the burden of rebutting the presumption that he is a high risk dangerous offender. Between the time Appellant committed his offense and the time he was sentenced, the legislature amended § 9714(a)(1) to remove the presumption that the Court found unconstitutional. Appellant therefore argues that the use of the amended statute violated *ex post facto* principles.
>
> In *Commonwealth v. Belak*, 825 A.2d 1252 (Pa. 2003), however, the Court held that § 9714(a)(2) is independent of and separable from § 9714(a)(1). In *Belak*, the defendant was convicted of burglary and other related offenses. *Id.* at 1253. Since he had been previously convicted of at least two other crimes of violence, he was sentenced to twenty-five to fifty years' imprisonment pursuant to 42 Pa.C.S.A. § 9714(a)(2). *Id.* The Court held that, since (a)(2) does not require a determination that a defendant is a high risk offender and thus, the unconstitutional presumption is not implicated, Belak was properly sentenced to twenty-five to fifty years' imprisonment under § 9714(a)(2).
>
> Similarly, in the present case Appellant was sentenced under § 9714(a)(2), and not the section that our Supreme Court found unconstitutional in *Butler* and which was later amended by the legislature. Since Appellant was not sentenced under the amended subsection, there is no *ex post facto* violation.

*Commonwealth v. Leonhauser*, No. 1126 EDA 2003, slip op. at 3-5 (Pa. Super. Ct. Aug. 3, 2004).

In Petitioner's Objection, he argues that *Commonwealth v. Eddings*, 721 A.2d 1095 (Pa. Super. Ct. 1998), militates against the foregoing analysis. In *Eddings*, the defendant was

2

convicted of murder and the trial court imposed a mandatory minimum sentence of 25-50 years pursuant to § 9714(a)(2), as the offense constituted the defendant's third conviction for a crime of violence. *Id.* at 1097. On appeal, the dispute focused on the language in § 9714(b)(2). The defendant argued that only those prior convictions occurring within seven years of the current offense may be considered for purposes of imposing a mandatory minimum sentence under § 9714(a)(2). *Id.* at 1099. On the other hand, the Commonwealth argued that the seven-year time requirement set forth in § 9714(b)(2) should only apply to sentences imposed under § 9714(a)(1), not § 9714(a)(2). The Superior Court, in a case of first impression, agreed with the defendant's position and held that the seven-year time requirement applied to both § 9714(a)(1) and § 9714(a)(2). *Id.* at 1100. Therefore, even when sentencing under § 9714(a)(2), the trial court may only consider convictions that occurred within seven years of the instant offense. The Pennsylvania Supreme Court affirmed the order without a written opinion. *Commonwealth v. Eddings*, 772 A.2d 956 (Pa. 2001). Justice Castille vigorously dissented. *Id.* at 956.

Petitioner argues that *Eddings* controls our disposition of this case. At the time Petitioner committed the instant offense, § 9714(b)(2) and its seven-year time limitation were still in effect. Between Petitioner's commission of the offense and his sentencing, the legislature deleted §§ 9714(b)-(c) in response to *Butler*, which found these sections unconstitutional. The trial court imposed its sentence pursuant to the amended version of the statute. Petitioner argues that if he was sentenced under the original version, as he should have been, then pursuant to *Eddings*, the trial court was only permitted to consider his prior convictions which occurred within seven years of the instant offense. Petitioner did not have any convictions during this period.

At first blush, Petitioner's argument seems reasonable. However, Petitioner ignores the Supreme Court's ruling in *Belak*, which effectively repudiates the statutory interpretation performed in *Eddings*. In *Belak*, as quoted in the Superior Court's analysis in the instant case, the Supreme Court held that § 9714(a)(2) "is clearly independent of and separable from the invalid" § 9714(a)(1). 825 A.2d at 1257. There, the Supreme Court upheld the defendant's sentence under § 9714(a)(2), which unlike § 9714(a)(1), places no presumption on the defendant. *Id.* at 1255. The Court found that § 9714(a)(2) was constitutional because it was both independent of § 9714(a)(1) and "places the burden on the Commonwealth to show that the offender has been convicted of three crimes of violence." *Id.* at 1256. The Court's ruling vindicated Justice Castille's dissent in *Eddings*:

> [T]he Majority recognizes the very point that was the subject of my dissenting Statement in [*Eddings*]. As I noted in *Eddings*, the plain language of subsection (a)(2) commands that offenders who have been convicted of "two or more" separate crimes of violence receive a minimum of 25 years of total confinement, "notwithstanding any other provision of this title or other statute to the contrary." *See* Pa.C.S. § 9714(a)(2). Unlike the two-strike provision, subsection (a)(2) is unconditional: It contains no requirement of an additional finding of "high risk dangerous offender" for the mandatory sentence to apply.

*Id.* at 1258 (Castille, J., concurring).

The state courts' determinations with respect to this issue are not contrary to, or an unreasonable application of, clearly established federal law, and they did not result in a decision

3

1. The Objections to Magistrate's Report and Recommendation are **DISMISSED**.

2. The Report and Recommendation is **APPROVED** and that part to which there were no objections is **ADOPTED.**

3. The Petition for Writ of Habeas Corpus filed by William M. Leonhauser a/k/a William M. Nicastro is **DISMISSED**.

4. No certificate of appealability shall issue.

**IT IS SO ORDERED.**

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**

---

that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner was sentenced under § 9714(a)(2), but complains about the constitutionally repugnant § 9714(a)(1) and § 9714(b)(2). The legislature never amended § 9714(a)(2), which, under *Belak*, provides an independent basis for his punishment. The seven-year limitation which Petitioner argues should have prevented his sentence from being enhanced was contained in § 9714(b)(2) and applied to § 9714(a)(1), which is severable from § 9714(a)(2). Therefore, since Petitioner was not sentenced pursuant to a law which imposed additional punishment to that prescribed at the time of the commission of his offense, his *ex post facto* claim fails.

Petitioner does not object to the R& R's recommendations as to the remaining four claims in his Petition. We have reviewed the record and the R & R and we independently conclude that Petitioner's other claims are either substantively without merit, procedurally defaulted, or waived. We adopt the R & R as to the disposition of these claims.

For the foregoing reasons, the Petition is dismissed with prejudice.